UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-21106-KMM

AMALIA H. MORRISSEY
and GEORGE E. MORRISSEY,

       **Plaintiffs,**

vs.

SUBARU OF AMERICA, INC.,
FUJI HEAVY INDUSTRIES, LTD.,
and BIRD ROAD MOTORS, INC.,

       **Defendants.**

_____/

**DEFENDANT SUBARU OF AMERICA, INC.'S MOTION TO TRANSFER VENUE
TO THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA,
TAMPA DIVISION, WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, Subaru of America, Inc. ("SOA"), pursuant to 28 U.S.C. § 1404 (a) files its

Motion to Transfer Venue to the United States District Court, Middle District of Florida, Tampa

Division, with incorporated Memorandum of Law.

**FACTUAL BACKGROUND, WHICH INCLUDES FILING OF IDENTICAL
CLAIMS AGAINST SOA IN THE UNITED STATES VIRGIN ISLANDS**

In this diversity action Plaintiffs allege that on March 22, 2013, while driving near St.

Thomas, United States Virgin Islands, their 2006 Subaru® Forester "suddenly accelerated" when

Plaintiff George Morrissey placed his foot on the brake to slow the vehicle.  (Doc. 6, Paragraph

16).  Plaintiffs further allege that "notwithstanding that Mr. Morrissey put as much force as he

could on the brake, the car continued to race forward through the intersection and struck a stone

fence with great force."  *Id.*  As a result of this incident, Plaintiffs allege that the passenger,

Plaintiff Amalia H. Morrissey, "suffered paralysis due to a broken neck."  (Doc. 6, Paragraph

17).  In essence, Plaintiffs are alleging an episode of unintended acceleration, though it should be noted that the undisputed record in this case will show that the Morrisseys were operating a manual shift Subaru® Forrester ("subject vehicle").  In any event, Plaintiffs have sued SOA, the Continental United States' distributor of the subject vehicle, Co-Defendant Fuji Heavy Industries, Ltd. ("FHI"), the manufacturer of the subject vehicle, and Bird Road Motors, Inc. ("Bird Road Subaru"), an independent Florida dealership authorized as the initial retail seller of Subaru® vehicles, and who sold the subject vehicle new, after title and ownership had passed from SOA.  The claims are based on negligence and strict liability theories.

It should be noted this is the second case which Plaintiffs have filed against SOA stemming from the same subject accident.  On October 20, 2014, Plaintiffs filed suit against SOA and FHI in the District Court of the Virgin Islands, St. Thomas/St. John Division, for injuries sustained in the subject accident, and therein made the identical claims of defect as made in this Miami case.  Plaintiffs' Virgin Islands' Complaint, Doc. 1 in the Virgin Islands' case, is attached as Exhibit "A".  SOA is contesting both specific and general personal jurisdiction over it in the Virgin Islands' case.  Although Co-Defendant FHI there, who is not contesting jurisdiction in the Virgin Islands, has moved, however, to transfer the Virgin Islands' case to the Middle District of Florida, Tampa Division for many of the reasons articulated later in this Motion.  A copy of FHI's Motion to Transfer Venue, filed in the Virgin Islands' case, is attached as Exhibit "B".  Plaintiffs are opposed to transfer of the Virgin Islands' case to the Middle District of Florida.  (Doc. 39, VI case, attached as Exhibit "C" hereto.)  No Court ruling has been made in the Virgin Islands' case.

That Response, filed five (5) days after Plaintiffs filed this case in the Southern District of Florida, argues, in part, that Plaintiffs' choice of a Virgin Islands' forum should trump other

factors relating to transfer to the Middle District of Florida, and includes the statement that Plaintiffs "wish to have their case heard before a jury of St. Thomas residents". Exhibit "C", page 2. That Response also claims a concern that, should the Virgin Islands' case be transferred to a Florida federal court, Plaintiffs "would be required to retain additional counsel to appear in Florida". Note, however, they already have Florida counsel who filed this case in the Southern District. Plaintiffs also question in that Response how a Florida federal judge could tackle the application of substantive Virgin Islands' law. These opposition arguments are the typical boiler plate arguments usually made by plaintiffs when they oppose a venue change.

Plaintiffs' Response in the Virgin Islands' case, and the statements identified above, were made <u>after</u> Plaintiffs chose to file the instant case. Furthermore, and quite curiously, Plaintiffs' Virgin Islands' Response did not apprise the Virgin Island's Court of this Miami case they had earlier filed in the Southern District of Florida! Co-Defendant FHI did alert the Virgin Islands' Court to the filing of this case through its Reply Memorandum to Plaintiffs' Response. FHI's Virgin Islands' Reply Memorandum is attached for this Court's convenience, as Exhibit "D". [The Reply is Doc. 41 in the Virgin Islands' case.]

SOA apprises this Court of the Virgin Islands' action so the Court may have a comprehensive picture of the entire litigation. Plaintiffs have tried to block transfer of the Virgin Islands' action to the Middle District of Florida by arguing Florida federal courts are not appropriate venues to resolve this dispute but now, wholly and patently inconsistent with their position taken in the Virgin Islands District Court, have filed this case invoking relief from a Florida Federal Court, directly contrary to the argument the Morrisseys' attorneys have taken in St. Thomas.

3

SOA believes the subject lawsuit should be transferred to the United States District Court for the Middle District of Florida, Tampa Division. The Facts support SOA's argument.

Both Plaintiffs currently live in the Middle District of Florida, as do two of their daughters, and the former have lived there for nearly two years. Plaintiff, Amalia Morrissey, has continued to receive the vast majority of her medical treatment in the Middle District of Florida, with at least eight (8) of her primary treating physicians located in the Middle District of Florida. Without question the bulk of Amalia Morrissey's medical records are located in or near the Middle District of Florida. Plaintiffs have registered a vehicle in Florida, and have placed their Virgin Islands' home and business for sale, evidencing their likely intent to remain domiciled in the Middle District of Florida, and further enhancing the strong nexus the Middle District of Florida has to this case.

The interest of justice will be undoubtedly best served by transferring this litigation to the United States District Court for the Middle District of Florida, Tampa Division[1].

## STANDARD FOR TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Title 28 U.S.C. § 1404, governs the transfer of venue in federal diversity cases. This section states, in pertinent part, that

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A court's decision to transfer venue is not governed by absolute legal principles; rather, this Court may exercise its discretion to transfer venue by examining the particular facts of each case. *See Prou v. Giarla,* 2014 W.L. 6725213, *12 (S.D. Fla. November 26, 2014), *citing Stewart*

---

[1] Middle District of Florida Local Rule 1.02(b)(4) provides that the Tampa Division comprises Hillsborough County. Hillsborough County is where both Plaintiffs, two of their daughters, and many of their healthcare providers are located, as set forth in Plaintiffs' Initial Disclosures in the Virgin Islands' case. See Exhibit "E", Plaintiffs' Initial Disclosures in the Virgin Islands' case (Doc. 35 in that case).

*Organization, Inc. v. Richoh Corp.,* 487 U.S. 22, 29 (1988).  In analyzing the particular facts, and in exercising its reasoned discretion, this Court must weigh various criteria, which includes the following Private Factors and Public Factors:

<u>Private Factors</u>

- Plaintiffs' initial choice of forum;
- Convenience of the parties;
- Convenience of the witnesses and availability of process to compel the attendance of unwilling witnesses;
- Relative ease of access to services of proof and location of relevant documents; and
- Financial ability to bear costs of change.

<u>Public Factors</u>

- Forum's familiarity with the governing law;
- Forum's interest in adjudicating the dispute;
- Burden of jury duty on the forum's community; and
- Relative docket congestion.

*See, e.g., Trafalgar Capital Specialized Inv. Fund v. Hartman,* 878 F. Supp. 2d 1274, 1282 (S.D. Fla. 2012).

Applying the above factors to the facts of a subject case confirm that transfer to the Middle District of Florida, Tampa Division is appropriate.

## <u>APPLICATION OF THE FACTORS TO THE PARTICULAR FACTS OF THIS CASE MAKE TRANSFER THE APPROPRIATE ACTION</u>

### <u>This Action Could Have Initially Been Brought in the Middle District of Florida, Satisfying 28 U.S.C. § 1404(a)'s Threshold Inquiry</u>

Before considering the individual transfer factors, it must be established that the District to which the action will be potentially transferred is a forum where the lawsuit could have initially been instituted.  *See* 28 U.S.C. § 1404(a)(allowing transfer to any other district "where [the action] might have been brought").  Where the asserted basis for Federal Court jurisdiction is diversity of citizenship, pursuant to 28 U.S.C. § 1332, as Plaintiffs allege here (Doc. 7, at 1)

suit is properly brought in any judicial district where, *inter alia*, any defendant resides, if all defendants are residents of the State in which the District is located. *See* 28 U.S.C. § 1391(b)(1).

Here, there are three Defendants, FHI, SOA and Bird Road Subaru. FHI is, as alleged by Plaintiffs in their Amended Complaint[2], a Japanese corporation. (Doc. 6, Paragraph 9). Pursuant to 28 U.S.C. § 1391(c)(3), FHI may be sued in any judicial district. SOA is the wholesale distributor, importer, and marketer for Subaru® brand vehicles in the forty-nine continental United States (but not in the Virgin Islands), and sold and transferred wholesale the subject vehicle to Bird Road Subaru, an independent Florida retail dealer which had a dealership contract with SOA. See Exhibit "F", which are documents explaining the nature of SOA's business. Under 28 U.S.C. § 1391(c)(2), an entity such as SOA is deemed to reside in any judicial district in which such defendant is subject to personal jurisdiction with respect to the action in question. As a wholesale distributor of Subaru® brand vehicles throughout Florida, SOA would be subject to general personal jurisdiction in the Middle District of Florida. *See* Fla. Stat. § 48.193(2)("a defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, it is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."). Finally, as alleged by Plaintiffs in their Amended Complaint (Doc. 6, paragraph 6), Bird Road Motors, Inc. is a Florida corporation.

Accordingly, under 28 U.S.C. § 1391(b)(1), Plaintiffs could have initiated suit in the Middle District of Florida because (1) SOA is deemed to reside in the Middle District of Florida, (2) Bird Road Subaru resides in the State in which the Middle District of Florida is located, and (3) Pursuant to 28 U.S.C. 1291(c)(3), FHI's presence in the suit is "disregarded" in determining

---

[2] Plaintiffs initially filed a Complaint against FHI and SOA (Doc. 1) in this case on March 19, 2015, but later that same day filed an Amended Complaint (Doc. 6) adding Bird Road Subaru as a defendant.

where the action may be brought with respect to the other defendants . These factors satisfy the threshold requirement of 28 U.S.C. § 1404 that transfer be considered only to a District where the action could have initially been brought. Here that is the Tampa Division. It is, therefore, appropriate to consider the individual factors to which demonstrate that transfer should properly be made to the Middle District of Florida, Tampa Division.

<u>Private Interest Factors</u>

**1.**      **Plaintiffs' Initial Choice of Forum**

SOA acknowledges that, normally, Plaintiffs' forum preference must be given appropriate deference. *See, e.g., Thermal Technologies, Inc. v. Dade Service Corp.,* 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003). But this is only one factor, is not absolute in controlling, and may be given little weight in facto. Here, accordingly, Plaintiffs' forum choice should be accorded <u>no</u> <u>weight</u> for a couple reasons.

First, it is long standing Eleventh Circuit law that plaintiffs who select a forum which is not their home forum necessarily receive far less deference to their forum choice. *See La Seguridid v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir. 1983), *citing Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256 (1981); *see also Thermal Technologies,* 282 F. Supp. 2d at 1375-76 (S.D. Fla. 2003) ("Plaintiff's chosen venue will receive less deference because Plaintiffs have selected a forum which is not their home forum.") Here, it cannot be disputed that the Southern District of Florida is not, and has not ever been Plaintiffs' home forum. Therefore, this selection of the Southern District of Florida is entitled to minimal deference at best! As set forth in Plaintiffs' Amended Complaint, at the time of the March 22, 2013 accident Plaintiffs were living in St. Thomas, U. S. Virgin Islands. (Doc. 6, paragraph 16) Further, as confirmed by Plaintiffs' Initial Disclosures in the Virgin Islands' case, Exhibit "E", they themselves confirm that both

Plaintiffs live in Riverview, Florida, a location within the Middle District of Florida, Tampa Division, and have so resided there for nearly two years.[3]  Regardless of whether the Plaintiffs now choose to classify themselves as Virgin Islands' residents, or Riverview, Florida residents, there can be no dispute that no location within the Southern District of Florida can be considered as Plaintiffs' home.

The second reason Plaintiffs' choice of the Southern District of Florida is not entitled to deference is because it is but only one of Plaintiffs' forum "choices", as they have also filed suit in the Virgin Islands for the same injury stemming from the same accident.  In doing so Plaintiffs request two different juries in two different courts to hear this dispute which is Plaintiffs' choice?  Under these circumstances, fundamental fairness dictates that <u>neither</u> of Plaintiffs' forum choices should be entitled to any deference.  Certainly, SOA is aware of no authority providing that deference is to be provided when Plaintiffs have freely decided to file multiple suits in districts hundreds of miles apart.  No deference to Plaintiffs' forum selection is due in this case.

**2.     The Convenience of the Parties as Indicated by the Relative Physical and Financial Conditions**

The convenience of the parties is not a hugely important factor in a 28 U.S.C. § 1404 analysis; rather, it is a convenience of non-party witnesses, to be addressed next, which is a more important factor and is afforded greater weight in a transfer of venue calculus.  *See Central Money Mortgage Co. v. Holman,* 122 F. Supp. 2d 1345, 1346 (M.D. Fla. 2000).

 Nevertheless, this factor still clearly supports transfer to the Middle District of Florida. Plaintiffs have both resided in the Middle District of Florida for nearly two years, and it is alleged the principally injured Plaintiff, Amalia Morrissey, has paralysis due to a broken neck.

---

[3] It is SOA's counsel's understanding, from discussions with Plaintiff's counsel, that the injured Plaintiff was taken from the Virgin Islands to Miami for medical treatment shortly after the accident and then very shortly thereafter moved to the Tampa area, where Plaintiffs remain to date.

(Doc. 6, Paragraph 17). Plaintiffs' Virgin Islands' Rule 26 Disclosures, attached as Exhibit "E", indicate that two of Plaintiffs' daughters reside nearby, in the Middle District of Florida. Both Plaintiffs specifically live now in Riverview, Florida. Downtown Riverview to downtown Tampa, where the Middle District, Tampa Division courthouse is situated, is estimated as only about 12.5 miles by car, or seventeen (17) minutes of driving time. *See* http://www.distance-cities.com/distance-riverview-fl-to-tampa-fl (accessed March 28, 2015).

Conversely, the estimated distance from Tampa to Miami is 279 miles. *See* http://distancescalculator.com/US/distance-between-Tampa-FL-and-Miami-FL (accessed March 28, 2015). The ease of travel for the allegedly severely injured Plaintiff alone is a factor which makes a Trial in the Middle District of Florida, Tampa Division patently more convenient than one in Miami. Common sense should also dictate here. Given the injured Plaintiff's physical condition, the support structure which has been established for her within the Middle District of Florida, and her proximity to the Tampa Courthouse, mandate a transfer of this case to that District will be much more convenient to Plaintiffs.

Plaintiffs may argue that it is inconvenient to litigate in the Middle District of Florida because their Florida lawyer has offices in the Southern District of Florida. However, convenience of counsel is never a factor to be considered in determining whether a case should be transferred pursuant to 28 U.S.C. § 1404(a). *See Solomon v. Continental American Life Ins. Co.,* 472 F.2d 1043, 1047 (3d Cir. 1973). Bird Road Subaru, it could be argued, may experience some inconvenience in having to litigate in the Middle District of Florida; however, Plaintiffs can hardly assert that Bird Road Subaru is anything more than a minor player in this case, as Plaintiffs never sued Bird Road Subaru in the Virgin Islands' case, and the Complaint filed in this instant case has made not <u>one</u> separate or independent allegation against Bird Road Subaru.

9

(Doc. 6)  In fact, the allegations in the Virgin Islands' Complaint and the Southern District of Florida Amended Complaint are <u>identical</u> except for the addition of two paragraphs to the Southern District of Florida Amended Complaint which only conclusory alleges venue and jurisdiction over Bird Road Subaru.

Candidly, SOA's convenience is not particularly enhanced or reduced whether the litigation proceeds in the Southern District of Florida or the Middle District of Florida.[4]  On balance, however, this factor weighs in support of transfer to the Middle District of Florida.

**3.      The Convenience of the Witnesses and the Availability of Process to Serve the Attendance of the Unwilling Witnesses**

The "convenience of non-party witnesses is an important, if not the most important factor in determining whether a Motion to Transfer should be granted." *Cellularvision Technology and Telecommunications, L.P. v. Cellco Partnership,* 2006 W.L. 2871858 (S.D. Fla. September 12, 2006), *citing Meterlogic, Inc. v. Copier Solutions, Inc.,* 185 F. Supp. 2d 1292, 1299 (S. D. Fla. 2002).  The convenience of witnesses is best served when these witnesses are allowed to testify in the forum in which they reside.  *See American Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.,* 55 F. Supp.2d 1347, 1352 (M.D. Fla. 1999).

Here, many of the likely, significant witnesses are located in the Middle District of Florida, strongly supporting transfer of this case to that district.  A review of Plaintiffs' Rule 26 Disclosures in the Virgin Islands' case (Exhibit "E") confirms the location of many significant and substantive witnesses within the Middle District of Florida.  In addition to Plaintiffs themselves, two of their daughters who live in the Middle District of Florida, are listed as having discoverable information.  Moreover, out of eleven (11) total medical providers disclosed, nine

---

[4] This is not the case with the Virgin Islands' litigation, considering SOA has no connections with the Virgin Islands and should not be subject to personal jurisdiction in that forum.

10

(9) reside within Florida.  Eight (8) of these nine (9) are residents of the Middle District of Florida, while only one of the nine resides in the Southern District of Florida.  Here is the list of those doctors and hospitals located in the Middle District of Florida, Tampa Division, as disclosed by Plaintiffs in the Virgin Islands' case:

      (1)    Dr. Erfan Albakri, Tampa, Florida

      (2)    Dr. Venerando Batas, Tampa, Florida

      (3)    Florida Acupuncture Solutions, Tampa, Florida

      (4)    Diane Jackson, MSN, ARNP, Tampa, Florida

      (5)    Dr. Michelle Estevez and Dr. JK Williams, Tampa, Florida

      (6)    Dr. Vincent J. Dilella, Lutz, Florida

      (7)    Dr. Michael McFarland, Tampa, Florida

      (8)    Infinity Home Care, Tampa, Florida

Plaintiffs' disclosures also identify but one daughter who resides on St. Thomas, Virgin Islands, along with two purported witnesses, and one doctor residing in the Virgin Islands. Immediately, the same day of the accident, Plaintiffs left the Virgin Islands for medical care, and have not apparently been back since.  Of the eighteen (18) persons or entities identified by name in Plaintiffs' Virgin Islands' Disclosures, twelve (12) are located in the Middle District of Florida, Tampa Division, while just five (5) are in the United States Virgin Islands, and only <u>one</u> in the Southern District of Florida[5].  Because this factor is one of the most important elements in the 28 U.S.C. 1404(a) transfer analysis, the location of so many individuals in the Middle District of Florida, Tampa Division warrants transfer of this case to that District.  *See American*

---

[5] There will likely be one or two other witnesses in the Southern District of Florida, probably affiliated with Bird Road Subaru, but these couple additional witnesses will still place far fewer witnesses in the Southern District than in the Middle District.

*Aircraft Sales,* 55 F. Supp. 2d at 1352 (Motion to transfer granted where several witnesses resided in transferee forum.)

A part of this critical factor is the ability to compel attendance of witnesses through the availability of process.  *See Trafalgar Capital Specialized Inv. Fund*, 878 F. Supp.2d at1282. Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), those witnesses residing in the Middle District of Florida simply cannot be compelled to travel to the Southern District of Florida to give trial testimony because these persons work and reside more than 100 miles from the Courthouse in Miami.

Even if it were possible to somehow compel the presence of unwilling Middle District of Florida witnesses in Miami, which it is not, substantial costs will unnecessarily be incurred to compel the attendance of these non-party witnesses, most of whom are medical providers, in Miami.  And as the Court is aware, doctors do not generally travel for Trials!  Certainly, the reverse issue of compelling the attendance of Southern District of Florida witnesses in the Middle District of Florida also presents itself.  However, on balance, in considering Plaintiffs' Virgin Islands' Disclosures there are far more witnesses residing in the Middle District of Florida who cannot be compelled to travel to testify at trial and, even if they could be compelled, would incur time, expense, and burden in being required to do so.  While the costs and burdens of traveling between the Middle District of Florida and Southern District of Florida would certainly not be as great as having to travel between the Virgin Islands and Florida, these expenses will still be significant.  Convenience of non-party witnesses, a critical, if not most critical, factor in the transfer analysis, strongly favors transfer to the Middle District of Florida.

**4.      Relative Ease of Access to Services of Proof and Location of Relevant Documents**

This factor also favors transfer to the Middle District of Florida.  Plaintiffs relocated to the Middle District of Florida shortly after the subject accident, and have remained there for nearly two years.  The vast bulk of the medical records and other documents relating to Plaintiffs' claimed damages are without dispute likely to be located in the Middle District of Florida.  Conversely, other than some records on the medical care the Plaintiff received during the relatively brief stay in Miami, as well as some likely limited records from Bird Road Subaru on its initial sale of the subject vehicle, which didn't involve Plaintiffs' anyway, there do not appear to be many, if any, other relevant documents that could possibly be located in the Southern District of Florida.  This dearth of relevant information within the Southern District of Florida is not surprising because other than the initial sale of the subject vehicle there is simply no tangible connection with this District and the underlying claims.

Transfer to the Middle District of Florida is necessitated.

**5.      Financial Ability to Bear Costs of Change**

This factor either weighs in favor of transfer to the Middle District of Florida, or, at worst, is neutral.  Transfer to the Middle District of Florida situates this case just minutes from where Plaintiffs now live.  Any costs to them of such transfer should be minimal.  Because the case would be transferred rather than having to be re-filed, Plaintiffs would not even have to pay an additional filing fee.  In any event, Plaintiffs have already shown the financial ability to bring the functionally same lawsuit in both the Virgin Islands and South Florida, and have retained multiple sets of lawyers to simultaneously prosecute these identical cases[6].  For under these

---

[6] In addition to already retaining Virgin Islands' lawyers, Plaintiffs have retained lawyers in Ohio, Thomas Murray and Mary O'Neill, as evidenced by *pro hac vice* motions filed in the Virgin Islands' case, to represent them.  Also it

circumstances, it is difficult to see how Plaintiffs may credibly claim they could not bear financially the cost of transfer to the Middle District of Florida, assuming there would be any tangible costs at all.

<u>Public Interest Factors</u>

**1.    The Relative Docket Congestion**

The most recently available public statistics show that the median time interval from filing to disposition of civil cases in the Southern District of Florida is 4.7 months, and of those cases which go to trial, the median time interval from filing to the close of trial is 16.1 months. These same statistics demonstrate that the median time interval from filing to disposition of civil cases in the Middle District of Florida is 8.3 months, while the median time interval from filing to the conclusion of trial for those cases which go to trial is 21.4 months.[7]  This factor appears to slightly favor the Southern District of Florida though the time differences between filing and disposition is close, especially when compared with jurisdictions such as the Virgin Islands, which has a median, overall time from filing to disposition of 15.6 months and a median time of 45.9 months from filing to close of trial, for those cases which go to trial.  Further, it is well recognized that docket congestion is by no means a dispositive factor in a transfer analysis.  *See, e.g., Cellularvision,* 2006 W.L. 2871858, at 4 (S.D. Fla. September 12, 2006) (transferring case from the Southern District of Florida to District of New Jersey even though time to trial in New Jersey was 20 months greater than the time to trial in the Southern District of Florida).

---

is known that Plaintiffs' Virgin Islands' counsel, Gordon Rhea, presently has a Middle District case in Tampa before Judge Merryday.
[7] All statistics from http://www.uscourts.gov/uscourts/Statistics/FederalJudicialCaseloadStatistics/2014/tables/C05Mar14.pdf (accessed March 29, 2015).

**2.      Forum's Interest in Adjudicating the Dispute**

The Southern District of Florida has minimal interest in adjudicating this dispute.  The only legitimate connection the Southern District has to this dispute is that the subject vehicle was initially sold new by a Miami dealership, but this dealership did not sell the vehicles to these Plaintiffs.  Plaintiffs only purchased the subject vehicle at a later date, second-hand in the Virgin Islands.  Fundamentally, this is a case in which Virgin Islands' residents, who currently live in the Middle District of Florida and have done so for nearly two years assert, a product liability claim against a Japanese corporation and the New Jersey distributor, alleging defects in a model vehicle sold throughout the United States, and elsewhere.  But as to the Virgin Islands, not in SOA's distribution chain, the subject vehicle only by chance, completely fortuitously ended up in St. Thomas.  Other than the presence of Bird Road Subaru as a minor player in this case, and the brief medical treatment the Amalia Morrissey obtained in Miami before a more permanent relocation to Tampa, there are simply no connections between this forum and the dispute.

On the other hand, the Middle District of Florida, Tampa Division is the venue to which Plaintiffs have relocated, and have lived for almost two years.  The vast majority of the injured Plaintiff's medical treatment, treatment which is ongoing, has taken place in the Middle District of Florida.  Further, it appears Plaintiffs intend to remain in the Tampa area as they have placed their Virgin Islands' home and business for sale.[8]

On balance, this factor weighs in favor of transfer to the Middle District of Florida.

**3.      Burden of Jury Duty on the Forum's Community**

 This factor, which seems quite closely tied with the forum's interest in adjudicating the dispute, also favors transfer to the Middle District of Florida.  As noted above, the Southern

---

[8] Attached as Exhibit "G" is the December 2014 real estate listing for Plaintiffs' Virgin Islands' home and business. This property is the only property of which SOA is aware that Plaintiffs own in the Virgin Islands.

District of Florida's interest in adjudicating this dispute is low.  It is axiomatic that "the burden of jury duty 'ought not to be imposed upon the people of a community which has no relation to the litigation'".  *Cellularvision Technology*, 2006 W.L. 2871858, *4 (S.D. Fla. September 12, 2006), *citing Ferens v. John Deere Co.*, 494 U.S. 516, 529-30 1990, *superseded by Statute on other grounds*.  A Southern District of Florida jury ought not to be burdened with the Trial of a case involving Plaintiffs who have never resided here, did not purchase the subject vehicle here, did not have a crash here, and who have advised the Virgin Islands' Court that they reputedly, despite the Miami filing, inconsistently "wish to have their case heard before a jury of St. Thomas [Virgin Islands'] residents"?  *See* Exhibit "C", page 2.  A Southern District of Florida jury need not be burdened with this case.

### 4.    Forum's Familiarity with the Governing Law

Because this Motion seeks transfer from one Florida federal forum to another, this factor is not an issue in the transfer analysis.  Courts in the Southern District of Florida and Middle District of Florida will be equally capable of applying whatever substantive product liability law which governs the case.

## CONCLUSION

When all Section 1404(a) factors are balanced, it is clear that transfer of this case to the Middle District of Florida, Tampa Division, where both Plaintiffs have resided for nearly two years, is warranted.  Because the Southern District of Florida is not Plaintiffs' home forum, and because this forum is the second forum chosen by Plaintiffs in which to bring litigation stemming from the subject accident and same alleged injuries, no deference to their forum choice is merited.  Additionally, most § 1404(a) factors weigh either in favor of transfer to the Middle District of Florida, or are neutral.  Factors which particularly weigh in favor of transfer to the

Middle District of Florida include the convenience of the non-party witnesses, which is considered one of the most important, if not the most important factors in the transfer analysis. Other factors which weigh in favor of transfer to the Middle District of Florida are the convenience of the parties and the relative ease of access to the sources of proof and the location of relevant documents.  Further, the Middle District of Florida has a relatively greater interest in adjudicating this dispute than the Southern District of Florida, and accordingly, the burden of jury duty on a Middle District jury will be less than that placed on a Southern District of Florida jury.

In balancing all of the relevant factors, a transfer of venue will best serve the private and public interests at issue, for the convenience of witnesses, and in the interest of justice, is appropriate.

WHEREFORE, Subaru of America, Inc. respectfully requests this Honorable Court transfer this case to the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. § 1404(a).

## CERTIFICATE OF COUNSEL

Pursuant to S.D.L.R. 7.1(a)(3), the undersigned certifies that he has had discussions with Mr. and Mrs. Morrisseys' Lead Counsel, Gordon Rhea, and they are not agreeable to a transfer of venue to the Middle District of Florida, Tampa Divisions.  Those discussions took place regarding the Virgin Islands' case, and was further set forth in Mr. Rhea's Opposition to a

Motion to Transfer Venue filed in the Virgin Islands' case.  (V.I. Doc. 39, Case No. 3:14-cv-0084).

Respectfully submitted,

*s/ Larry M. Roth*

Larry M. Roth
Florida Bar No. 0208116
Michael D. Begey
Florida Bar No. 0120928
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
E-mail:  lroth@rumberger.com
Secondary
email:  docketingorlando@rumberger.com
          lrothsecy@rumberger.com
          mbegeysecy@rumberger.com

Attorneys for Defendant,
SUBARU OF AMERICA, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on April 1, 2015, on all counsel or parties of record on the Service List below.

s/ *Larry M. Roth*
_____
Larry M. Roth
Florida Bar No. 0208116
Michael D. Begey
Florida Bar No. 0120928
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
E-mail: lroth@rumberger.com
Secondary
email: docketingorlando@rumberger.com
             lrothsecy@rumberger.com
             mbegeysecy@rumberger.com

Attorneys for Defendant,
SUBARU OF AMERICA, INC.

## SERVICE LIST

| | |
|---|---|
| Stewart M. Cooke, Esquire<br>Florida Bar No. 0321450<br>Cooke Law | P.A.<br>1825 Ponce de Leon Blvd., #550<br>Coral Gables, FL 33134<br>Ph: (305) 400-0870<br>scooke@cookelaw.net<br>Attorneys for Plaintiffs,<br>AMALIA H. MORRISSEY and<br>GEORGE E. MORRISSEY | |

19

7747127.1